**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

     vs.                                       **Criminal Action 2:05-CR-44
                                                           Judge Smith
                                                           Magistrate Judge King**

**JAMES RONALD SPIRES,**

        **Defendant.**

**REPORT AND RECOMMENDATION**

      Defendant James Ronald Spires is charged by indictment with possession of ammunition after having been convicted of a felony offense, in violation of 18 U.S.C. §922(g)(1).  On March 25, 2005, defendant, accompanied by his counsel, appeared for an arraignment.  Defendant James Ronald Spires consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a magistrate judge.  *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996).

      During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant Spires in answering questions.  Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant Spires was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting defendant Spires' plea, the undersigned addressed him personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant Spires understands the nature and meaning of the charge returned in the Indictment and the consequences of his plea. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant Spires' plea is voluntary. Although there is no plea agreement in this case, the United States has agreed not to file additional or more serious charges.

Defendant Spires confirmed the accuracy of the material aspects of the investigating officer's statement of facts supporting the charge. He confirmed that he is pleading guilty to count one of the Indictment because he is in fact guilty of the offense charged. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant Spires' plea of guilty to count one of the Indictment is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of his plea.

It is therefore **RECOMMENDED** that defendant James Ronald Spires' guilty plea to count one of the Indictment be accepted.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant Spires through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant Spires will be asked to provide information and his attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve

on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


March 25, 2005                                             *s/Norah McCann King*
                                                          Norah M$^c$Cann King
                                      United States Magistrate Judge